UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL E. VACEK, JR., derivatively on behalf of WALTER INVESTMENT MANAGEMENT CORP., <br><br> Plaintiff, <br><br> v. <br><br> GEORGE M. AWAD, DANIEL G. BELTZMAN, MICHAEL M. BHASKARAN, NEAL P. GOLDMAN, WILLIAM J. MEURER, ALVARO G. de MOLINA, VADIM PERELMAN, and ANTHONY N. RENZI, <br><br> Defendants, <br><br> and <br><br> WALTER INVESTMENT MANAGEMENT CORP., <br><br> Nominal Defendant. | Case 2:17-cv-02820-JCJ |

FILED
DEC - 3 2018
KATE BARKMAN, Clerk
By_____ Dep. Clerk

[PROPOSED] ORDER PRELIMINARILY APPROVING
SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, a derivative action is pending in this Court entitled *Vacek v. Awad, et al.*, Case No. 2:17-CV-02820-JCJ (the "Action");

WHEREAS, (a) Plaintiff Michael E. Vacek, Jr. ("Plaintiff"), derivatively on behalf of Walter Investment Management Corp., now known as Ditech Holding Corporation ("WIMC"), (b) Nominal Defendant WIMC, and (c) Defendants George M. Awad, Daniel G. Beltzman, Michael M. Bhaskaran, Neal P. Goldman, William J. Meurer, Alvaro G. de Molina, Vadim Perelman, and Anthony N. Renzi ("Defendants," and together with Plaintiff and WIMC, the "Parties") have entered into a Stipulation and Agreement of Settlement dated October 17, 2018

(the "Stipulation") that provides for a complete dismissal of the Action on the terms and conditions set forth in the Stipulation, subject to approval of this Court (the "Settlement");

WHEREAS, Plaintiff and his counsel ("Plaintiff's Counsel") have made an application pursuant to Rule 23.1(c) of the Federal Rules of Civil Procedure for an order, among other things, (a) preliminarily approving the Settlement, (b) ordering notice of the Settlement be provided to stockholders of WIMC, (c) providing stockholders of WIMC the opportunity to object to the Settlement, and (d) scheduling the Settlement Hearing (defined below);

WHEREAS, the Court has read and considered the Stipulation and Plaintiff's motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection with the motion;

WHEREAS, the Parties have consented to the entry of this Order; and

WHEREAS, unless otherwise defined herein, all terms with initial capitalization have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. **Preliminary Approval of the Settlement** – The Court preliminarily approves the Settlement on the terms and conditions stated in the Stipulation as fair, reasonable, and adequate to WIMC, subject to further consideration at the Settlement Hearing.

2. **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on January 24, 2018 at 10:30 A.m. in Courtroom 17-A, James A. Byrne U.S. Courthouse, 601 Market Street, Philadelphia, PA 19106, pursuant to Rule 23.1(c) of the Federal Rules of Civil Procedure, for the following purposes:

   (a) to determine whether the Settlement on the terms and conditions stated in the Stipulation is fair, reasonable, and adequate to WIMC, and should be approved by the Court;

(b) to determine whether a Judgment in the form attached as Exhibit C to the Stipulation (the "Judgment"), including the releases provided for in the Judgment, should be entered;

(c) to hear and rule on any objections to the Settlement;

(d) to determine whether the award of Attorneys' Fees and Litigation Expenses (defined in the Stipulation) to Plaintiff's Counsel provided for in the Stipulation should be approved by the Court; and

(e) to consider any other matters as the Court deems appropriate.

3. The Court may adjourn the Settlement Hearing or modify any of the dates stated in this Order without further notice to WIMC stockholders. The Court may approve the Settlement with modifications to which the Parties agree in the manner provided for in the Settlement without further notice to WIMC stockholders. The Court may enter the Judgment approving the Settlement whether or not the Court approves the award of Attorneys' Fees and Litigation Expenses to Plaintiff's Counsel provided for in the Stipulation.

4. **Manner of Giving Notice** – Notice of the Settlement and the Settlement Hearing shall be given as follows:

(a) Within ten (10) business days of the date of entry of this Order, WIMC shall (i) post a copy of the Stipulation, this Order, and the Notice (defined in the Stipulation and substantially in the form attached as Exhibit B to the Stipulation) on WIMC's website; (ii) cause a Current Report on Form 8-K to be filed with the Securities and Exchange Commission that attaches the Notice and provides a link to the Stipulation, this Order and the Notice posted on WIMC's website; and (iii) publish the Notice once in Investor's Business Daily and transmit it once over PR Newswire; and

(b) WIMC's Counsel shall serve on Plaintiff's Counsel and Defendants' Counsel and file with the Court proof, by affidavit or declaration, of the giving of notice as required by this Order not later than seven (7) calendar days prior to the Settlement Hearing.

5. **Approval of Form and Content of Notice** – The Court (a) approves the form and content of the Notice, and (b) finds that providing notice of the Settlement in the manner and form set forth in Paragraph 4 of this Order (i) constitutes the best notice practicable under the circumstances; (ii) is reasonably calculated, under the circumstances, to inform stockholders of WIMC concerning the pendency of the Action, the Settlement, the terms and conditions of the Settlement, including the Judgment and the releases provided for in the Judgment, the request by Plaintiff's Counsel for an award of Attorneys' Fees and Litigation Expenses, the right of WIMC stockholders to object to the Settlement, including the Attorneys' Fees and Litigation Expenses to Plaintiff's Counsel, and any other aspect of the Settlement, and the right of WIMC stockholders to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the Settlement; and (iv) satisfies the requirements of Rule 23.1 of the Federal Rules of Civil Procedure and the United States Constitution (including the Due Process Clause), and all other applicable laws and rules.

6. **Appearance and Objections at Settlement Hearing** – Any stockholder of WIMC may enter an appearance in the Action at his, her or its own expense, individually or through counsel of his, her, or its own choice, by filing a notice of appearance with the Clerk of the Court and delivering a notice of appearance to Plaintiff's Counsel, Defendants' Counsel, and WIMC's Counsel at the addresses set forth below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

4

|  |  |
|---|---|
| **Plaintiff's Counsel** | **Defendants' Counsel** |
| Gainey McKenna & Egleston<br>Attn: Thomas J. McKenna, Esq.<br>440 Park Avenue South, 5th Floor<br>New York, NY 10016 | Dechert, LLP<br>Attn: David H. Kistenbroker, Esq.<br>Joni S. Jacobsen, Esq.<br>35 West Wacker Drive<br>Suite 3400<br>Chicago, IL 60601 |
| **WIMC's Counsel** |  |
| Weil, Gotshal & Manges LLP<br>Attn: Joseph S. Allerhand, Esq.<br>Stephen A. Radin, Esq.<br>767 Fifth Avenue<br>New York, New York 10153 |  |

7. Any stockholder of WIMC may file a written objection to the Settlement, the request by Plaintiff's Counsel for an award of Attorneys' Fees and Litigation Expenses, and/or any other aspect of the Settlement with the Clerk of the Court. Any such objection must also be mailed or delivered to Plaintiff's Counsel, Defendants' Counsel, and WIMC's Counsel at the addresses and in the manner and within the time period set forth in Paragraph 6 above. By filing an objection, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to the Settlement and his, her, or its objection.

8. An objection must satisfy all of the following conditions: (a) it must be submitted in a timely manner in accordance with the provisions of Paragraph 7 of this Order; (b) it must state the name, address, telephone number and email address of the objector, or, in the case of an entity, the name, address, telephone number, and email address of an authorized representative of the objector; (c) it must state the number of shares of WIMC common stock the objector owns and the dates of all purchases and sales of WIMC common stock by the objector; (d) it must be accompanied by adequate supporting documentation in the form of broker confirmation slips, broker account statements, a statement from a broker containing the transactional and holding information found in a broker confirmation slip or account statement, or other comparable

documentation; (e) it must state the basis for the objection and include copies of any papers, briefs, or other documents the objector relies on; (f) it must state whether the objector intends to appear at the Settlement Hearing, and, if so, the name(s) of any witness(es) the objector intends to call to testify and any exhibits the objector intends to introduce into evidence at the Settlement Hearing, and (g) it must be signed under penalty of perjury by the objector or an authorized representative of the objector. An objection shall not be effective unless it complies with all of these conditions. Plaintiff's Counsel, Defendants' Counsel, and WIMCs' Counsel may, as they deem appropriate, submit papers replying to objections no later than five (5) calendar days prior to the Settlement Hearing.

9. Any stockholder of WIMC who does not comply with the requirements stated in Paragraphs 7 and 8 for objections to the Settlement waives and forfeits his, her or its right to object to the Settlement, the request by Plaintiff's Counsel for an award of Attorneys' Fees and Litigation Expenses, and any other aspect of the Settlement, and to appear at the Settlement Hearing, and shall forever be barred and enjoined from objecting to the Settlement, an award of Attorneys' Fees and Litigation Expenses, and/or any other aspect of the Settlement or from otherwise being heard concerning the Settlement, the request by Plaintiff's Counsel for an award of Attorneys' Fees and Litigation Expenses, and/or any other aspect of the Settlement in this and any other proceeding, and shall forever be barred and enjoined from directly or indirectly prosecuting, maintaining, intervening in, or participating in or claims subject to the Settlement, the Judgment, and the releases provided for by the Judgment.

10. **Stay and Temporary Injunction** – The Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation and this Order and bars and enjoins the Parties and WIMC stockholders from

commencing or prosecuting any and all of claims that are the subject of the Settlement, the Judgment, and the releases provided for by the Judgment.

11. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, if the Settlement is not approved, if the Judgment is not entered or is entered but does not become Final (as defined in the Stipulation), or if the Effective Date fails to occur for any reason, this Order shall be vacated, rendered null and void, and be of no further force and effect, except as provided by the Stipulation, and this Order shall be without prejudice to the rights of the Parties, and the Parties shall revert to their respective positions in the Action as of July 2, 2018.

12. **Supporting Papers** – Plaintiff, Defendants, and WIMC, as they deem appropriate, may file and serve opening papers in support of final approval of the Settlement and the award of Attorneys' Fees and Litigation Expenses to Plaintiff's Counsel not later than thirty-five (35) calendar days before the Settlement Hearing. Reply papers, if any, shall be filed and served not later than five (5) calendar days before the Settlement Hearing.

13. **Retention of Jurisdiction** – The Court retains jurisdiction with respect to the proposed Settlement.

SO ORDERED this 3rd day of December, 2018.

The Honorable J. Curtis Joyner
United States District Judge

7