UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL E. VACEK, JR., derivatively on behalf of WALTER INVESTMENT MANAGEMENT CORP., <br><br> Plaintiff, <br><br> v. <br><br> GEORGE M. AWAD, DANIEL G. BELTZMAN, MICHAEL M. BHASKARAN, NEAL P. GOLDMAN, WILLIAM J. MEURER, ALVARO G. de MOLINA, VADIM PERELMAN, and ANTHONY N. RENZI, <br><br> Defendants, <br> and <br><br> WALTER INVESTMENT MANAGEMENT CORP., <br> Nominal Defendant. | Case 2:17-cv-02820-JCJ <br><br> **FILED** <br> FEB 0 1 2019 <br> KATE BARKMAN, Clerk <br> By_____ Dep. Clerk |

## [PROPOSED] JUDGMENT AND ORDER
## APPROVING DERIVATIVE ACTION SETTLEMENT

WHEREAS, a derivative action is pending in this Court entitled *Vacek v. Awad, et al*, Case No. 2:17-CV-02820-JCJ (the "Action");

WHEREAS, (a) Plaintiff Michael E. Vacek, Jr. ("Plaintiff"), derivatively on behalf of Walter Investment Management Corp., now known as Ditech Holding Corporation ("WIMC"), (b) Nominal Defendant WIMC, and (c) Defendants George M. Awad, Daniel G. Beltzman, Michael M. Bhaskaran, Neal P. Goldman, William J. Meurer, Alvaro G. de Molina, Vadim Perelman, and Anthony N. Renzi ("Defendants," and together with Plaintiff and WIMC, the "Parties") have entered into a Stipulation and Agreement of Settlement dated October 17, 2018

(the "Stipulation") that provides for a complete dismissal of the Action on the terms and conditions set forth in the Stipulation, subject to approval of this Court (the "Settlement");

WHEREAS, by Order dated December 3, 2018 (the "Preliminary Approval Order"), this Court, among other things, (a) preliminarily approved the Settlement; (b) ordered that notice of the Settlement be provided to stockholders of WIMC; (c) provided stockholders of WIMC the opportunity to object to the Settlement; and (d) scheduled a hearing (the "Settlement Hearing") for the following purposes:

(a) to determine whether the Settlement on the terms and conditions stated in the Stipulation is fair, reasonable, and adequate to WIMC, and should be approved by the Court;

(b) to determine whether a Judgment in the form attached as Exhibit C to the Stipulation (the "Judgment"), including the releases provided for in the Judgment, should be entered;

(c) to hear and rule on any objections to the Settlement;

(d) to determine whether the award of Attorneys' Fees and Litigation Expenses (defined in the Stipulation) to Plaintiff's Counsel provided for in the Stipulation should be approved by the Court; and

(e) to consider any other matters as the Court deems appropriate.

WHEREAS, the Preliminary Approval Order ordered that, within ten (10) business days of the date of entry of the Preliminary Approval Order, WIMC shall (i) post a copy of the Stipulation, the Preliminary Approval Order, and the Notice of Proposed Settlement of Derivative Action and Motion for an Award of Attorneys' Fees and Litigation Expenses (the "Notice"), substantially in the form attached to the Stipulation as Exhibit B, on WIMC's website; (ii) cause a Current Report on Form 8-K to be filed with the Securities and Exchange


Commission that attaches the Notice and provides a link to the Stipulation, the Preliminary Approval Order and the Notice posted on WIMC's website; and (iii) publish the Notice once in Investor's Business Daily and transmit it once over PR Newswire;

WHEREAS, the Notice advised stockholders of WIMC of the date, time, place, and purposes of the Settlement Hearing and that any objections to the Settlement were required to be filed with the Court no later than January 10, 2019;

WHEREAS, the Court conducted the Settlement Hearing on January 31, 2019;

WHEREAS, the Court, having reviewed and considered the Stipulation, all arguments and written submissions regarding the Settlement, and the record in the Action, and good cause appearing therefor;

WHEREAS, the Parties have consented to the entry of this Judgment; and

WHEREAS, unless otherwise defined herein, all terms with initial capitalization have the same meanings as they have in the Stipulation;

NOW THEREFORE, after due deliberation, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1. **Jurisdiction** -- The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over the Parties.

2. **Incorporation of Settlement Documents** - This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on October 23, 2018 as part of Docket No. 45-1; and (b) the Notice filed with the Court on January 15, 2019.

3. **Notice** – The Court finds that the notice to stockholders of WIMC provided for in the Preliminary Approval Order: (a) was implemented in accordance with the Preliminary Approval Order, and (b) (i) constitutes the best notice practicable under the circumstances; (ii)

3

was reasonably calculated, under the circumstances, to inform stockholders of WIMC concerning the pendency of the Action, the Settlement, the terms and conditions of the Settlement, including this Judgment and the releases provided for in this Judgment, the request by Plaintiff's Counsel for an award of Attorneys' Fees and Litigation Expenses, the right of WIMC stockholders to object to the Settlement, including the award of Attorneys' Fees and Litigation Expenses to Plaintiff's Counsel, and any other aspect of the Settlement, and the right of WIMC stockholders to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the Settlement; and (iv) satisfies the requirements of Rule 23.1 of the Federal Rules of Civil Procedure and the United States Constitution (including the Due Process Clause), and all other applicable laws and rules.

4. **[Objections** – *[handwritten: No objections]* ~~The Court has considered each of the objections to the Settlement, including the objections submitted by [list objectors]. The Court finds and concludes that each of the objections is with/without merit, and each objection is hereby sustained/overruled.~~**]**

5. **Final Settlement Approval and Dismissal of Claims** – In light of the benefits to WIMC, the complexity, expense, and possible duration of further litigation, the risks of establishing liability and damages and the costs of continued litigation, the Court, pursuant to and in accordance with Rule 23.1 of the Federal Rules of Civil Procedure, hereby fully and finally approves the Settlement as set forth in the Stipulation in all respects, including, without limitation, the releases provided for in the Settlement and in this Judgment, and the dismissal with prejudice of the claims asserted against Defendants and Defendants' Releasees (defined below), and finds that the Settlement is in all respects fair, reasonable, and adequate and in the best interests of WIMC. The Court further finds the Settlement as set forth in the Stipulation is

the result of arm's-length negotiations between experienced counsel representing the interests of Plaintiff, Defendants, and WIMC. The Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions in the Stipulation.

6. The Action and all of the claims asserted against Defendants in the Action are hereby dismissed in their entirety with prejudice. The Parties shall bear their own costs and expenses except as otherwise provided in the Stipulation.

7. **Binding Effect of Judgment** - The terms of the Settlement, as stated in the Stipulation, and of this Judgment, including the releases provided for in this Judgment, shall be forever binding on Defendants, Plaintiff and WIMC.

8. **Releases** – The releases set forth in paragraphs 4 and 5 of the Stipulation, together with the definitions contained in Paragraph 1 of the Stipulation, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date.

9. As used in this Judgment and the releases in Paragraphs 4 and 5 of the Stipulation and below, the following terms shall have the meanings set forth below.

(a) "Defendants' Counsel" means Dechert, LLP.

(b) "Defendants' Releasees" means Defendants, Defendants' Counsel, and each of their present and former predecessors, successors, affiliates, employees, general partners, attorneys, accountants, auditors, bankers, advisors, agents, assigns, assignees, indemnifiers, insurers, reinsurers, heirs, estates, executors, trustees, administrators, or trusts, in their capacities as such.

(c) "Effective Date" means the first business day after all of the conditions specified in ¶ 15 of the Stipulation have occurred or been waived.

(d) "Excluded Claims" means (i) claims asserted in the class action pending in the United States District Court for the Eastern District of Pennsylvania styled *Elkin v. Walter Investment Management Corp., et al.*, Class Action No. 2:17-cv-02025-JCJ, (ii) claims by Defendants or other Defendants' Releasees or WIMC or other WIMC's Releasees against his, her, its, or their insurers, and (iii) claims relating to the enforcement of this Stipulation and the Settlement.

(e) "Person" means any individual, corporation, professional corporation, limited liability company, partnership, limited partnership, limited liability partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, or any other business or legal entity.

(f) "Plaintiff's Counsel" means the Donovan Litigation Group, LLC and Gainey McKenna & Egleston.

(g) "Plaintiff's Releasees" means Plaintiff, Plaintiff's Counsel, and their respective present and former predecessors, successors, affiliates, employees, general partners, managers, attorneys, accountants, auditors, bankers, advisors, agents, assigns, assignees, indemnifiers, insurers, reinsurers, heirs, estates, executors, trustees, administrators, or trusts, in their capacities as such.

(h) "Released Claims" means Released Defendants' Claims, Released WIMC Claims, and Released Plaintiff's Claims.

(i) "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution,

prosecution, or settlement of the claims asserted in the Action. Released Defendants' Claims do not include the Excluded Claims.

(j) "Released Plaintiff's Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, that Plaintiff has asserted in the Action or could have asserted in the Action or other action in any forum arising out of or based on the allegations, transactions, facts, claims, matters or occurrences involved, set forth, or referred to in the Action, concerning, among other things, the origination, underwriting, and appraisal of mortgage products, claims by, and settlements with, government agencies concerning the origination, underwriting, and appraisal of mortgage products, and accounting and financial reporting related to default servicing activities, including, but not limited to, errors in financial statements and weaknesses in internal controls over financial reporting with respect to foreclosure tax liens, foreclosure related advances, processing and oversight of loans in bankruptcy status, adjustments of reserves, and valuation allowances on deferred tax asset balances. Released Plaintiff's Claims do not include the Excluded Claims.

(k) "Released WIMC Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the subject matter of the Released Plaintiff's Claims and the Released Defendants' claims. Released WIMC Claims do not include the Excluded Claims.

(l) "Releasee(s)" means Plaintiff's Releasees, Defendants' Releasees, and WIMC's Releasees.

(m) "Unknown Claims" means any Released Claims that Plaintiff, WIMC, or Defendants or any of the Defendants does not know or suspect to exist in his or its favor at the time of the release of the Released Claims, which, if known by him or it, might have affected his or its decision(s) with respect to the Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date, Plaintiff, WIMC, and Defendants shall be deemed to have waived, and by operation of the Judgment shall have, to the fullest extent permitted by law, waived and relinquished any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Plaintiff, WIMC, and Defendants acknowledge that Plaintiff, WIMC, or Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those which he or they now knows or believes to be true with respect to the subject matter of the Released Claims, but that Plaintiff, WIMC, and Defendants intend to, and upon the Effective Date, by operation of the Judgment, shall be deemed to have, and shall have, settled and released, fully, finally, and forever, the Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which have existed, now exist, or will exist, upon any theory of law or equity, including, but not limited to, conduct which is negligent, reckless, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Plaintiff, WIMC, and Defendants acknowledge that the inclusion of "Unknown Claims" in Released Plaintiff's Claims, Released Defendants' Claims, and Released

WIMC Claims was separately bargained for and was a material and essential element of this Stipulation and the Settlement.

(n) "WIMC's Counsel" means Hangley Aronchick Segal Pudlin & Schiller and Weil, Gotshal & Manges LLP.

(o) "WIMC's Releasees" means WIMC, WIMC's Counsel, and their respective present and former predecessors, successors, affiliates, employees, general partners, managers, attorneys, accountants, auditors, bankers, advisors, agents, assigns, assignees, indemnifiers, insurers, reinsurers, heirs, estates, executors, trustees, administrators, or trusts, in their capacities as such.

10. This Court orders that:

(a) Without further action by anyone, upon the Effective Date, Plaintiff, derivatively on behalf of WIMC, and Plaintiff's and WIMC's respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever compromised, settled, released, dismissed, resolved, relinquished, waived and discharged the Released Plaintiff's Claims against Defendants' Releasees and WIMC's Releasees, and shall forever be barred and enjoined from directly or indirectly prosecuting, maintaining, intervening in, or participating in, individually, derivatively, as a class member or otherwise, the Released Plaintiff's Claims against Defendants' Releasees and WIMC's Releasees. This release shall not apply to the Excluded Claims.

(b) Without further action by anyone, upon the Effective Date, Defendants and WIMC, on behalf of themselves and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by

operation of law and of the Judgment shall have, fully, finally and forever compromised, settled, released, dismissed, resolved, relinquished, waived and discharged the Released Defendants' Claims and the Released WIMC Claims against Plaintiff and Plaintiff's Releasees, and shall forever be barred and enjoined from directly or indirectly prosecuting, maintaining, intervening in, or participating in, individually, derivatively, as a class member or otherwise, the Released Defendants' Claims and the Released WIMC Claims against any of the Plaintiff's Releasees. This release shall not apply to the Excluded Claims.

(c) Notwithstanding paragraphs 10(a) and (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation, the Settlement, or this Judgment.

11. **Use of this Judgment** -- This Judgment, the Stipulation, and the Settlement, whether or not the Effective Date occurs, and any discussions, negotiations, arguments made during negotiations, acts performed, communications, drafts, or agreements relating to this Judgment, the Stipulation, the Settlement, and any matter in connection with such discussions, negotiations, arguments made during negotiations, acts performed, communications, drafts, documents, or agreements, shall not be offered or received against or to the prejudice of Plaintiff, Defendants, WIMC or any Releasee for any purpose other than in an action to enforce the terms of this Judgment, the Stipulation, and the Settlement, and in particular:

(a) Do not constitute, and shall not be described as, construed as, or otherwise offered or received against any of the Defendants, WIMC or any of Defendants' Releasees or WIMC's Releasees as evidence of (or deemed to be evidence of) any admission, concession, or presumption by any of the Defendants, Defendants' Releasees, WIMC, or WIMC's Releasees with respect to (i) the truth of any allegation or claim in the Action or in any litigation or

proceeding in any other forum; (ii) the deficiency of any defense that has been or could have been asserted in the Action or in any other litigation or proceeding in any other forum; (iii) any liability, damages, negligence, fault, or other wrongdoing of any kind by any of Defendants, WIMC or any of Defendants' Releasees or WIMC's Releasees; or (iv) referred to for any other reason against or to the prejudice of any of the Defendants, Defendants' Releasees, WIMC, or WIMC's Releasees, in this or any other civil, criminal, or administrative action or proceeding.

(b) Do not constitute, and shall not be described as, construed as, or otherwise offered or received against Plaintiff or Plaintiff's Releasees as evidence of (or be deemed evidence of) any admission, concession, or presumption by Plaintiff or Plaintiff's Releasees of any infirmity in any claims in the Action or in any litigation or proceeding in any other forum or in any way referred to for any other reason against or to the prejudice of Plaintiff and Plaintiff's Releasees in this or any other civil, criminal, or administrative action or proceeding.

(c) Do not constitute, and shall not be described as, construed as, or otherwise offered or received against Plaintiff, Defendants, WIMC or Releasees as evidence of (or deemed to be evidence of) any admission, concession, or presumption that the Settlement consideration represents the amount that could be or would have been recovered after trial and appeals in the Action or that the amount that could be or would have been recovered after trial and appeals in the Action would or would not have exceeded the Settlement consideration.

12. **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) any award to Plaintiff's Counsel of Attorneys' Fees and Litigation Expenses; and (c) all other related matters.

11

13. **Attorneys' Fees and Litigation Expenses** – Plaintiff's Counsel in the Action are hereby awarded Attorneys' Fees and Litigation Expenses in the amount of $ 257,500.00. The Court finds that this amount is fair and reasonable under the facts and circumstances of this Action. Payment of such award of Attorneys' Fees and Litigation Expenses shall be made in accordance with the provisions of the Stipulation. Any appeal of this portion of the Judgment shall in no way disturb, affect or delay the finality of this Judgment or the Effective Date of the Settlement and shall be considered as a separate part of this Judgment as provided for in the Stipulation.

14. **Modification of the Agreement of Settlement** – Without further approval from the Court, Plaintiff, Defendants, and WIMC are hereby authorized to agree to and adopt amendments or modifications of the Settlement as stated in the Stipulation that are not materially inconsistent with this Judgment. Without further order of the Court, Plaintiff, Defendants, and WIMC may agree to reasonable extensions of time to carry out any provisions of the Settlement.

15. **Termination of Settlement** – If the Settlement is terminated as provided for in the Stipulation or the Effective Date of the Settlement does not occur for any other reason, this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as stated in the Stipulation, and this Judgment shall be without prejudice to the rights of the Parties, and the Parties shall revert to their respective positions in the Action as of July 2, 2018.

16. **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final Judgment in this Action.

SO ORDERED this __31st__ day of __January__, 2019.

_____
The Honorable J. Curtis Joyner
United States District Judge